UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:20-cv-24328-MGC

ANA MARGARITA MARTINEZ

        Plaintiff,

v.

NETFLIX, INC.,
ORANGE STUDIOS, S.A., and
OLIVIER ASSAYAS

        Defendants.
_____/

### DEFENDANT NETFLIX, INC.'S MOTION PURSUANT TO SECTION 768.295 OF THE FLORIDA STATUTES AND INCORPORATED MEMORANDUM OF LAW

Defendant Netflix, Inc. ("Netflix") has filed a motion to dismiss the complaint filed on behalf of Plaintiff Ana Margarita Martinez ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). Netflix hereby further moves this Court for additional relief in the form of an award of its attorneys' fees pursuant to Florida Statutes Section 768.295, Strategic Lawsuits Against Public Participation (SLAPP) prohibited (the "Florida anti-SLAPP statute").

### ARGUMENT

Florida enacted its anti-SLAPP statute to protect "the right in Florida to exercise the rights of free speech in connection with public issues," by discouraging "SLAPP suits because such actions are inconsistent with the right of persons to exercise such constitutional rights." Fla. Stat. Ann. § 768.295(1). The Florida anti-SLAPP statute defines "[f]ree speech in connection with public issues," as "any written or oral statement that is protected under applicable law and is made . . . in or in connection with a play, *movie*, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work. Fla. Stat. Ann. § 768.295(2)(a) (emphasis added). To prevent a plaintiff from using the cost of litigation as a means to suppress protected speech, the statute directs a court to award a defendant its "reasonable attorney fees and costs incurred in connection with a claim," that is "without merit and [brought] primarily because [a defendant] has exercised the constitutional right of free speech in connection with a public issue."

Fla. Stat. Ann. § 768.295(3)-(4).

The defamation, conspiracy, and intentional infliction of emotional distress ("IIED") claims encompassed in Plaintiff's Complaint fall squarely within the Florida anti-SLAPP statute, as they are palpably "without merit" and "inconsistent" with the exercise of "free speech in connection with public issues." Indeed, this action presents precisely the sort of SLAPP suit that the statute is intended to address.

The Film at issue, *Wasp Network* (the "Film"), a docudrama protected by the First Amendment, is about the so-called "Cuban Five," the Cuban spy ring that infiltrated Florida's Cuban exile community in the 1990s. In the Complaint, Plaintiff immediately declares that her primary objection is to the Film's alleged political perspective, asserting that the Film "romanticizes, or glorifies" the Cuban Five while "malign[ing] the Cuban exile community in general," that the Film allegedly "attempts to rewrite history in a dishonest and irresponsible way," and that it is allegedly "straight out of the Cuban regime's 'playbook.'" (Complaint ¶¶ 2-5, 9.) Plaintiff's politically-based objection to the Film is stated openly and repeatedly. She alleges, for example, that "the writer and director of the Film … allowed his characters to refer to legitimate political dissidents with the official label of 'gusanos' (a derogatory Spanish word used by the totalitarian communist Cuban regime to describe those who did not agree with Castro's policies and were essentially considered 'traitors.'" (*Id.* at ¶ 9.) Plaintiff further alleges:

> This portrayal of the Cuban exile community was deliberately calculated to create one, clear, and mistakable [sic] villain to be targeted for criminal and terrorist activities against Cuba.
>
> By doing so, the Film downplays the level and reach of the Wasp Network's espionage, by attempting to rewrite history in a dishonest and irresponsible way, romanticizing, sympathizing, and showing favoritism of the Cuban regime over the Cuban diaspora and exiled Cuban community.

(*Id.* at ¶¶ 108-09.)

As set forth in Netflix's accompanying Motion to Dismiss, which is incorporated by reference herein, a review of the Film makes clear that Plaintiff's defamation claims are baseless because the Film does not make the statements about her that she alleges to be defamatory: the Film does *not* portray Plaintiff as sexually immoral; it does *not* portray involved in drug trafficking; and it does *not* portray her as in irresponsible mother (indeed, the Film does not depict Plaintiff's character as a mother at all). As there is no viable underlying defamation claim, Plaintiff's

conspiracy claim fails as well. And Plaintiff's IIED claim, premised upon the exact same facts and misleading descriptions of the Film, contains no allegation of the high level of extreme and outrageous misconduct required to support an IIED claim under Florida law.

Plaintiff's Complaint is merely a politically motivated attempt to suppress a film that does not comport with the views of the Cuban exile community, to which Plaintiff belongs, regarding the Castro regime. Plaintiff's lawsuit is a paradigm example of the type of attack on First Amendment-protected discourse that the Florida anti-SLAPP statute was enacted to prohibit.

Netflix's anti-SLAPP motion may be decided concurrently with Netflix's Motion to Dismiss. The award of attorneys' fees is a substantive provision of Florida state law, properly applied by a United States District Court.[1] *See Bongino v. Daily Beast Co., LLC*, No. 19-14472-CV, 2020 WL 6470639, at *8 (S.D. Fla. Aug. 6, 2020) (holding Fla Stat. § 768.295 "fuses with Rules 8, 12, and 56 by entitling the prevailing party to fees and costs if . . . a court finds an action is 'without merit' and thus prohibited"); *Vibe Ener v. Duckenfield*, No. 20-CV-22886-UU, 2020 WL 6373419, at *5 (S.D. Fla. Sept. 29, 2020) (applying Fla. Stat. § 768.295 and awarding fees after dismissing meritless defamation claim); *Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020) (affirming that "the district court properly awarded fees to [defendants]," under the Florida anti-SLAPP statute upon dismissal of meritless defamation claim); *see also Tobinick v. Novella*, 884 F.3d 1110, 1119 (11th Cir. 2018) (affirming award of attorneys' fees pursuant to California anti-SLAPP statute). To be clear, the sole aspect of the Florida anti-SLAPP statute that Netflix seeks for the Court to apply upon this motion is the award of reasonable attorneys' fees and costs. Netflix's separate Motion to Dismiss provides "an adequate framework for expeditiously resolving the issues raised in" Plaintiff's Complaint. *100 Plus Animal Rescue, Inc. v. Butkus*, No. 17-61893-CIV, 2020 WL 5514404, at *5 (S.D. Fla. Aug. 15, 2020).

---

[1] The Eleventh Circuit's holding in *Carbone v. Cable News Network, Inc.*, that certain **procedural** aspects of Georgia's anti-SLAPP statute do not apply in federal court practice, does not affect the availability of relief here. 910 F.3d 1345 (11th Cir. 2018). In *Carbone,* the Eleventh Circuit took issue with the provision of the Georgia anti-SLAPP statute that imposes upon the plaintiff a "probability" standard of pleading higher than the standards set forth in Rule 12(b)(6) and 56 of the Federal Rules of Civil Procedure. *Id.* at 1351. In contrast, Florida's anti-SLAPP statute simply provides that a defendant may file a motion to dismiss or for summary judgment and does not impose a differing standard of proof to be used in deciding the dispositive motion.

## CONCLUSION

For the foregoing reasons and given the numerous legal deficiencies in the Complaint (as articulated in Netflix's separate Motion to Dismiss, which is incorporated herein), Netflix respectfully requests that this Court award reasonable attorneys' fees and costs to Netflix pursuant to Florida Statutes Section 768.295(4), and provide such other and further relief as the Court deems just and proper.

Dated: January 11, 2021

                                            Respectfully submitted,

**PRYOR CASHMAN LLP**
*Attorneys for Netflix*
201 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Telephone: (786) 582-3010
Facsimile:  (786) 582-3004

By: s/ James G. Sammataro
James G. Sammataro
Florida Bar No. 520292
jsammataro@pryorcashman.com

## LOCAL RULE 7.1 (A) - GOOD FAITH CONFERRAL

Counsel for the Netflix hereby certifies that he has attempted to confer with Plaintiffs' counsel on the issues raised in the Motion Pursuant to Section 768.295 of the Florida Statutes via email sent Thursday, January 7, but Plaintiff's counsel has not responded with Plaintiff's position.

                                            */s/ James G. Sammataro*
                                            James G. Sammataro

Page | 5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*/s/ James G. Sammataro*
James G. Sammataro
