UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:20-cv-24328-MGC

ANA MARGARITA MARTINEZ,

    Plaintiff,

v.

NETFLIX, INC., ORANGE STUDIOS, S.A.,
and OLIVIER ASSAYAS,

    Defendants.
_____/

**DEFENDANT OLIVIER ASSAYAS' MOTION TO DISMISS AND
INCORPORATED JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS**

Defendant, Olivier Assayas, (1) moves to dismiss the First Amended Complaint [ECF No. 97] for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and (2) joins in the Motion to Dismiss the First Amended Complaint filed by Defendants Netflix, Inc. and Orange Studios, S.A. [ECF No. 102], and states:

**PRELIMINARY STATEMENT**

This is a defamation action concerning the film, *Wasp Network* (the "Film"), a docudrama about a Cuban spy ring that infiltrated Florida's Cuban exile community in the 1990s. The Court dismissed Plaintiff's original Complaint because it was based on nothing more than "a series of vague and conclusory allegations" about the Film. *See* Order on Motions to Dismiss [ECF. No. 95] (the "Order") at 12. The Order carefully details the scenes in the Film depicting Plaintiff and concludes that Plaintiff's allegations fail to state a claim for defamation. The Amended Complaint fares no better.

As established in Netflix's and Orange Studios' Motion to Dismiss, Plaintiff (again) fails to state a claim as a matter of law, and the Amended Complaint should be dismissed. The Amended Complaint is also subject to dismissal against Mr. Assayas for lack of personal jurisdiction. Plaintiff still fails to allege that Mr. Assayas, who resides in France, has committed any act, in Florida or elsewhere, that would subject him to the jurisdiction of this Court. Despite Mr. Assayas highlighting the deficiencies in the original Complaint's

jurisdictional allegations in his first motion to dismiss, [ECF No. 40], and Plaintiff responding that an amended complaint would "include any additional allegations that may be necessary," [ECF No. 44 at 15], the Amended Complaint contains no new jurisdictional allegations.

Plaintiff has had ample opportunity to discover information that may substantiate her claims or this Court's jurisdiction over Mr. Assayas. But even after forcing Defendants to engage in months of costly discovery and receiving substantial document productions from Mr. Assayas, the allegations of the Amended Complaint suffer from the same deficiencies identified in the Order. For these reasons, as detailed below, the Court should dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I. THE COURT SHOULD DISMISS MR. ASSAYAS FOR LACK OF PERSONAL JURISDICTION.

#### A. Legal Standard.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). "Conclusory allegations are insufficient." *3Lions Publ'g, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1036 (M.D. Fla. 2019). If the plaintiff fails to meet her pleading burden, then the personal jurisdiction inquiry ends there, and the Court does not consider evidence outside the four corners of the complaint. *Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020).

There are two types of personal jurisdiction: general and specific. Because Plaintiff does not allege that Mr. Assayas is subject to general jurisdiction, (*see* Am. Compl. ¶¶ 20, 23), the limited question before this Court is whether the Amended Complaint contains sufficient allegations to establish specific personal jurisdiction. It does not. To plead a prima facie case of personal jurisdiction, the allegations must satisfy Florida's long-arm statute. *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1287 (S.D. Fla. 2014). "The long-arm statute must be strictly construed; therefore, any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that jurisdiction exists." *Id*. at 1289.

B.  **The Allegations of the Amended Complaint Fail to Make out a Prima Facie Case of Personal Jurisdiction over Mr. Assayas.**

None of the allegations in the Amended Complaint establish a prima facie case of specific personal jurisdiction over Mr. Assayas. Plaintiff relies on two theories: (1) Mr. Assayas committed a tortious act within Florida pursuant to Section 48.193(1)(a)(2), Florida Statutes; and (2) Mr. Assayas conspired "with Netflix to portray Ms. Martinez in a false and defamatory manner in *The Wasp Network*." (Am. Compl. ¶ 23). Both theories fail.

The first theory fails because the allegations in the Amended Complaint are insufficient to show that Mr. Assayas committed a tortious act within Florida. "In Florida, a nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida." *Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365, 1371 (S.D. Fla. 2019).

Plaintiff alleges generally that Mr. Assayas committed a tortious act in Florida "by participating in, facilitating and causing the publication of defamatory content on Netflix's website . . .." (Am. Compl. ¶ 23). This vague allegation is the only tie Plaintiff alleges between Mr. Assayas and Florida. The Amended Complaint contains no facts describing how Mr. Assayas participated in, facilitated, or caused the publication of the Film, let alone what acts Mr. Assayas performed in Florida. In fact, Mr. Assayas is mentioned by name in only five of the 179 paragraphs in the Amended Complaint.[1] Although Plaintiff alleges that Mr. Assayas was the writer and director of the Film, she does not allege that it was written or directed in Florida. Instead, Plaintiff alleges the Film was filmed in Cuba. (*Id.* ¶ 6).

Moreover, the specific allegations of the Amended Complaint reflect that Netflix alone published the Film on its website, not Mr. Assayas:

---

[1] Plaintiff's undifferentiated references to "Defendants" throughout the Amended Complaint are insufficient to establish a prima facie case of personal jurisdiction. *See Flava Works, Inc. v. Roje on Holiday Inc.*, No. 1:10-CV-23834, 2012 WL 1535684, at *5 (S.D. Fla. May 1, 2012) ("The Court notes that Plaintiff indiscriminately lumps all of Defendants together in this list. It cannot do this; it must establish personal jurisdiction over each individual Defendant based on that Defendant's activities in and contacts with Florida.").

3

- "This defamation action arises from Defendant Netflix, Inc.'s ('Netflix') release of the film *The Wasp Network* (the 'Film') to its worldwide streaming service on June 19, 2020." (Am. Compl. ¶ 1);

- "As a result of Netflix's publication of the Film, which continues to stream on its platform, and its representations that the Film is 'Based on a True Story' . . . Netflix has defamed Ms. Martinez and caused harm to her name and reputation." (*Id*. at ¶ 14); and

- "Netflix provided its subscription based streaming service to 72.9 million U.S. subscribers, including many who are in the State of Florida." (*Id*. at ¶ 18).

There are no allegations suggesting that Mr. Assayas had any control over what content Netflix publishes on its website or the manner in which that content is published. The fact that Plaintiff has demanded that only Netflix take affirmative action with respect to how the Film is published on Netflix's website, (*see id*. ¶¶ 128-130), shows that Plaintiff knows Mr. Assayas has no control over the content on Netflix's website.

Because the foregoing specific allegations are controlling, this Court may disregard the general allegations that Mr. Assayas played an undefined role in the publication of the Film on Netflix's website. *See Rance v. Bradshaw*, No. 15-CV-81210-KAM, 2016 WL 3199002, at *9 (S.D. Fla. June 9, 2016) ("While Rance broadly alleges that Officer Ferrell and Officer Knipper unreasonably searched his van, Rance's specific factual allegations make clear that only Officer Ferrell conducted the actual search while Officer Knipper was merely present. Such specific facts control over conflicting general allegations."); *Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1304 (S.D. Fla. 2009) ("Although Plaintiff formulaically and conclusorily asserts that he "justifiably relied on [Defendant's] false and misleading statements and/or omissions ... to sign the Mortgage and Note," [DE 28, ¶ 37], the more specific facts contained in the Second Amended Complaint clearly establish that Plaintiff could not have signed the loan documents in reliance on Defendant's misrepresentations with regard to his income."). Accordingly, the Amended Complaint lacks any allegations that Mr. Assayas committed a tortious act within Florida.

Plaintiff also fails to allege sufficient facts under her conspiracy theory. "Florida's long-arm statute supports personal jurisdiction over an alleged conspirator where any other co-conspirator commits an act in Florida in furtherance of the conspiracy, even if the defendant over whom personal jurisdiction is sought individually committed no act in, or had no

4

relevant contact with, Florida." *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1313 (S.D. Fla. 2017). "But, a claim for civil conspiracy must contain clear, positive and specific allegations; general allegations of conspiracy are not sufficient." *Parisi v. Kingston*, 314 So. 3d 656 (Fla. 3d DCA 2021). "A court will decline to apply the co-conspirator theory to extend jurisdiction over nonresidents if the plaintiff fails to plead with specificity any facts supporting the existence of the conspiracy and provides nothing more than vague and conclusory allegations regarding a conspiracy involving the defendants." *Id.* (internal quotations and alteration omitted).

The Amended Complaint contains nothing more than vague and conclusory allegations of a "conspiracy to defame" among the Defendants. Although Plaintiff broadly alleges the Defendants conspired to defame her and "further conspired and agreed to purposefully market and aggressively promote *The Wasp Network* as a 'true' story," (Am. Compl. ¶ 168), the Amended Complaint fails to allege with any specificity what overt acts Mr. Assayas committed in furtherance of the conspiracy. Merely alleging Defendants conspired together is insufficient. *See Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1365 (M.D. Fla. 1999) (dismissing conspiracy claim because "the mere allegation that an agreement existed between Defendants is insufficient").

Moreover, the Amended Complaint is devoid of any allegations as to the time when the Defendants entered the purported conspiracy. None of the allegations support a reasonable inference that the Defendants agreed to defame Plaintiff either before the screenplay of the Film was written, or before the docudrama was filmed. Personal jurisdiction over Mr. Assayas thus cannot rest on the fact that he is the writer and director of the Film.

In sum, the Amended Complaint contains only vague and conclusory allegations with respect to civil conspiracy and tortious acts committed in Florida by Mr. Assayas. Such allegations are not sufficient to establish personal jurisdiction. This Court should thus dismiss with prejudice the Amended Complaint against Mr. Assayas for lack of personal jurisdiction.

## II.    MR. ASSAYAS JOINS AND ADOPTS THE ARGUMENTS RAISED IN THE CO-DEFENDANTS' MOTION TO DISMISS.

Mr. Assayas also joins and adopts the arguments asserted in Netflix's and Orange Studio's Motion to Dismiss that the Amended Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 102]. The positions advanced by Netflix and Orange Studios are equally applicable to Mr. Assayas. In the interest of judicial economy, Mr. Assayas hereby incorporates and restates all the arguments raised in Netflix's and Orange Studio's Motion to Dismiss in full, including the requests for relief therein.

## CONCLUSION

For the foregoing reasons, and those stated in Netflix's and Orange Studio's Motion to Dismiss, Mr. Assayas respectfully requests that the Court enter an Order dismissing Plaintiff's First Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Attorneys for Defendant Olivier Assayas*
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

By: /s/ *Javier A. Lopez*
Javier A. Lopez, Esq.
Fla. Bar No. 16727
jal@kttlaw.com
Michael R. Lorigas, Esq.
Florida Bar No. 123597
mlorigas@kttlaw.com