UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-24328-WPD

ANA MARGARITA MARTINEZ,

    Plaintiff,

v.

NETFLIX, INC.,
ORANGE STUDIOS, S.A., and
OLIVIER ASSAYAS,

    Defendants.

_____

# ORDER

THIS CAUSE is before the Court Defendants Netflix, Inc. ("Netflix") and Orange Studio, S.A. ("Orange Studios")'s Motion to Dismiss Plaintiff's First Amended Complaint [DE 102] and Defendant Oliver Assayas ("Assayas")'s Motion to Dismiss and Incorporated Joinder in Co-Defendants' Motion to Dismiss [DE 104]. The Court has carefully considered Defendants' Motions, Plaintiff Ana Margarita Martinez ("Plaintiff" or "Martinez")'s Responses, Defendants' Replies, and argument by counsel at the February 23, 2023 hearing. The Court is otherwise fully advised in the premises.

The Court ruled from the bench at the conclusion of the February 23, 2023 hearing. This Order memorializes the Court's rulings. As explained below, the Court agrees with Defendants that the Amended Complaint must be dismissed for failure to state a claim as to all counts.

    **I.**    **Standard of Review**

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a

Case 1:20-cv-24328-WPD   Document 142   Entered on FLSD Docket 02/23/2023   Page 2 of 9

motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

In deciding a motion to dismiss, a court may consider documents when they are "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). Accordingly, based upon all these criteria being met, the Court has carefully reviewed the film at issue, the *Wasp Network*, in deciding the instant motions to dismiss. *See Wasp Network* (Netflix 2020), *available* at www.netflix.com (accessed February 22, 2023) (the "Film").

**II.     Discussion**

Plaintiff commenced this action on October 21, 2020. *See* [DE 1].  Plaintiff's claims arise from the 2020 Netflix docudrama *Wasp Network*, which is a docudrama based on the story of a Cuban spy ring that infiltrated Florida's Cuban exile community in the 1990s.  Plaintiff is one of

2

the people depicted in the film, Ana Margarita Martinez.  Plaintiff is a member of the Cuban exile community who married one of the Cuban spies, Juan Pablo Roque ("Roque"), having no knowledge about his covert activities until after he abandoned her to return to Cuba.

Based upon the portrayal of the Ana Margarita Martinez character in the Film, Plaintiff brought this action against Defendant Assayas (a French filmmaker who wrote and directed the movie), Defendant Orange Studios (a French company which produced the movie), and Defendant Netflix (who distributes the movie through its online streaming platform), alleging claims for defamation, conspiracy to defame, and intentional infliction of emotional distress. *See* [DE 1].  Defendants moved to dismiss. *See* [DE's 18, 31, 40].

On February 1, 2022, the Honorable Marcia Cooke entered an Order on Motions to Dismiss, which dismissed all claims without prejudice for failure to state a claim. *See* [DE 95]. The Court assumes the reader's familiarity with that Order.  Judge Cooke conducted a thorough and detailed analysis of the scenes of the Film in which the character representing Plaintiff appears.  Judge Cooke also stated that, upon her review of the film, Plaintiff's defamation claims of being portrayed as an "irresponsible mother" and of "knowingly associat[ing] with criminal enterprises" are "unsupported by the contents of the [F]ilm." *See* [DE 95] at p. 12, n.4.

Judge Cooke held that the Complaint made "a series of vague and conclusory allegations about the film" and did not plead the defamation claims with sufficient specificity because its assertions about a larger work, the Film, are not connected to specific scenes in the Film. *See* [DE 95] at pp. 11-13 (citing *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012); *Morrison v. Univ. of Miami*, No. 15-cv-23856, 2016 WL 3128604, at *10 (S.D. Fla. Mar. 21, 2016) (plaintiff must allege "a description of the statement"); *XTec, Inc. v. Hembree Consulting Servs., Inc.*, No. 14-cv-21029, 2014 WL 12729173, at *4 (S.D. Fla. Aug. 1, 2014) (a general description of a 34-page report, without detailing which statements where defamatory,

3

was inadequate to put opposing party on notice); *Brown Jordan Int'l Inc. v. Carmicle*, No. 14-cv-60629, 2015 WL 6123520, at *10 (S.D. Fla. Oct. 19, 2015), *aff'd*, 846 F.3d 1167 (11th Cir. 2017) (allegedly defamatory oral statements must be pled with specificity so that the court may determine whether the statements are true statements of facts or opinion).  Judge Cooke also held that, based on her review of the Film and the Complaint, the claim for intentional infliction of emotional distress unlikely to succeed for failure to meet the difficult showing of outrageous conduct by Defendants. *See* [DE 95] at p. 13, n. 5 (*citing Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012)).

Judge Cooke dismissed all claims without prejudice for failure to state a claim, with leave to replead consistent with her rulings in the Order. *See* [DE 95].  Plaintiff filed a First Amended Complaint on March 2, 2022. *See* [DE 97] (the "Amended Complaint).  The vast majority of the Amended Complaint remains unchanged.  However, Plaintiff added allegations identifying scenes in the Film that she claims depict her in a false and defamatory manner. *See* [DE 97] at ¶114.  Defendants again moved to dismiss. *See* [DE's 102, 104].  On March 25, 2022, Judge Cooke held a status conference in which she stated that "the new amended complaint doesn't seem to cure the defects of the first one" and that "as I said, there's been an opportunity to amend, the second amendments don't seem to cure the defects of the first, but I think the parties should have an opportunity to respond." *See* [DE 113] at p. 3, ln 23-24; p. 4, ln 10-13.[1]  Accordingly, Judge Cooke stayed discovery until the resolution of the motions to dismiss. *See id.*

Since the reassignment of the case, the undersigned has carefully reviewed the Film in its entirety, as well as the specific scenes identified in the Amended Complaint.  The Court also held oral argument on the motions to dismiss on February 23, 2023, and has considered the arguments

---

[1] Plaintiff's counsel indicated at the February 23, 2023 hearing that Judge Cooke had not yet read the March 2, 2022 Amended Complaint when she held the March 25, 2022 status conference.  While this Court cannot make a determination with certainty as to this issue, it appears that Judge Cooke had considered the amendments when she made these statements.

4

by counsel made in the parties' briefs and at the hearing.

**A. Defamation claims (Counts I-IV)**

In Counts I through IV, Plaintiff brings claims for defamation *per se* and defamation *per quod*.

To state a claim for defamation under Florida law, a plaintiff must allege: (1) publication; (2) falsity; (3) that the publisher acted with knowledge or reckless disregard as to the falsity on a matter concerning a public figure, or at least negligently on a matter concerning a private person; (4) actual damages; (5) that the statement is defamatory. *Parekh v. CBS Corp.*, 820 F. App'x 827, 833 (11th Cir. 2020) (quoting *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1105 (Fla. 2008)). Additionally, where a plaintiff does not allege a literal factual falsehood, but rather defamation "by implication," she must show "(1) a juxtaposition of a series of facts so as to imply a defamatory connection between them, or (2) the creation of a defamatory implication by omitting facts." *Klayman v. City Pages*, 650 F. App'x 744, 749 (11th Cir. 2016).

To be defamatory, a statement must "'expose[]a plaintiff to hatred, ridicule, or contempt or injure[] his business or reputation or occupation.'" *Parekh, 820 F. App'x* at 833 (*quoting Jews for Jesus*, 997 So. 2d at 1108-09). Moreover, "[t]rue statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (*citing Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 714–15, 717 (11th Cir. 1985). "Whether a statement is susceptible to defamatory interpretation is a question of law left to the Court." *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1317 (S.D. Fla. 2020).

"[W]here the facts are not in dispute in defamation cases, pretrial dispositions are 'especially appropriate' because of the chilling effect these cases have on freedom of speech." *Marder v. TEGNA Inc.*, No. 19-81283-CIV, 2020 WL 3496447, at *3 (S.D. Fla. June 29, 2020)

(granting 12(b)(6) motion dismissing defamation claim) (q*uoting Stewart v. Sun Sentinel Co.*, 695 So. 2d 360, 363 (Fla. 4th DCA 1997)). "Thus, courts routinely dismiss defamation claims at the motion to dismiss stage." *Id.*

Here, because the defamation claims are based on a film, the Court has carefully reviewed the entire film to place the allegedly defamatory statement in its proper context, as Judge Cooke did when adjudicating the motion to dismiss the Complaint. *See Spilfogel v. Fox Broad. Co.*, No. 09-CV-80813, 2010 WL 11504189, at *4 (S.D. Fla. May 4, 2010), *aff'd*, 433 F. App'x 724 (11th Cir. 2011) ("Indeed, the publication must be viewed in its totality… The undersigned considered the entire episode, including the theme song, the first time he viewed the episode at issue in this case."); *Parekh*, 2020 WL 3400679, at *3 ("To determine if a statement is defamatory, it must be considered in the context of the publication") (citation omitted).

The Amended Complaint alleges that the Film's portrayal of the character Ana Maria Martinez (referred to herein as "Ana" to distinguish the Film character from Plaintiff) is defamatory to Plaintiff because the Film, and specifically the scenes identified in the Amended Complaint, portray Ana as (1) a sexually promiscuous party girl; (2) being involved in criminal activity and knowingly and willingly living a luxurious lifestyle funded by drug trafficking and terrorism; and (3) an irresponsible mother who knowingly endangered her children.  After viewing the Film in its totality, and the allegedly defamatory scenes in particular, the Court finds the defamation claims are unsupported by the contents of the Film.

First, the Film is clearly a docudrama, based on a true story. *See Davis v. Costa-Gavras*, 654 F. Supp. 653, 658 (S.D.N.Y. 1987) ("Docudramas utilize simulated dialogue, composite characters, and a telescoping of events occurring over a period into a composite scene or scenes.").  The Film is not a documentary showing original footage and interviews with people who were involved in the incidents. *See id.* at 658 ("A documentary is a non-fictional story or

series of historical events portrayed in their actual location; a film of real people and real events as they occur. A documentary maintains strict fidelity to fact."). Viewers recognize docudramas as presenting dramatizations that may vary from historical fact even though they are based on true stories. *See, e.g., De Havilland v. FX Networks,* LLC, 21 Cal. App. 5th 845, 866 (2018) ("First, we question whether a reasonable viewer would interpret Feud—a docudrama—as entirely factual. Viewers are generally familiar with dramatized, fact-based movies and miniseries in which scenes, conversations, and even characters are fictionalized and imagined.").

Moreover, the scenes identified by the Amended Complaint are not defamatory. Rather, having carefully viewed the Film, the Court finds that the allegations of the Amended Complaint significantly mischaracterize the portrayal of Ana in the Film as a whole, as well as in the selected scenes. The Film does not portray Ana as promiscuous or a party girl. The Film does not associate Ana with criminal activity or with knowingly, eagerly living a lavish lifestyle funded by criminal activity.[2] And the Film does not portray Ana as an irresponsible mother; rather, the character Ana is not a mother and has no children. While the Film may have an attitude of favorability to the Castro regime that the Cuban exile community disagrees with, that does not make the Film's portrayal of Ana defamatory to Plaintiff.

Based upon the foregoing, the defamation claims shall be dismissed. The Court need not address the additional arguments for dismissal regarding failure to plead damages.

### B. Conspiracy to Defame (Count V)

In Count V, the Amended Complaint alleges a claim against the Defendants for conspiracy to defame Plaintiff. Because the underlying tort on which this claim is based,

---

[2] While the Amended Complaint alleges that Jorge Mas Canosa was the "godfather" of the "Cuban mafia" and therefore that his attendance at Ana's wedding portrays Ana as excitedly involved with the mafia, *see* [DE 97] at p. 28, the Court finds Plaintiff's allegations to be a mischaracterization of Mas Canosa. Mas Canosa is portrayed in the Film as a prominent, influential leader of the Cuban exile community and, in particular, the Cuban American National Foundation.

defamation, is being dismissed for failure to state a claim, the conspiracy to defame claim necessarily fails. *See Thomas v. Patton*, No. 162005CA003777XXXXMA, 2005 WL 3048033, at *4 (Fla. Cir. Ct. Oct. 21, 2005), *aff'd and remanded*, 939 So. 2d 139 (Fla. Dist. Ct. App. 2006) ("Without a defamation, there can be no conspiracy to defame."). This claim shall be dismissed.

### C. Intentional Infliction of Emotional Distress (Count VI)

In Count VI, the Amended Complaint alleges a claim against the Defendants for intentional infliction of emotional distress. "Under Florida law, a claim for intentional infliction of emotional distress has four elements: (1) deliberate or reckless infliction of mental suffering, (2) outrageous conduct, (3) the conduct caused the emotional distress, and (4) the emotional distress was severe." *Jimenez v. ViaCord, LLC*, No. 21-61805-CIV, 2022 WL 4271337, at *6 (S.D. Fla. Sept. 15, 2022) (quoting *Lincoln v. Fla. Gas Transmission Co., LLC*, 608 Fed. Appx. 721, 722 (11th Cir. 2015). "To demonstrate that the defendant engaged in outrageous conduct, the plaintiff must show that the defendant's actions were 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citation omitted). Echoing Judge Cooke's earlier estimation, the claim for intentional infliction of emotional distress in the Amended Complaint, which is unchanged from the original version, fails to meet the difficult showing of outrageous conduct by Defendants. This claim shall be dismissed.

### III. Conclusion

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants Netflix, Inc. and Orange Studio, S.A.'s Motion to Dismiss Plaintiff's First Amended Complaint [DE 102] and Defendant Oliver Assayas' Joinder in Co-Defendants' Motion to Dismiss [DE 104] is hereby **GRANTED**;

2. As Plaintiff has been afforded the opportunity to amend, the dismissal shall be

with prejudice. *See, e.g., Eiber Radiology, Inc. v. Toshiba America Medical Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016) ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.").

3. Defendant Oliver Assayas' Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED AS MOOT**;

4. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of February, 2023.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record