UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-24328-WPD

ANA MARGARITA MARTINEZ,

    Plaintiff,

v.

NETFLIX, INC., *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon remand from the United States Court of Appeals for the Eleventh Circuit. The matter has been referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge, for a Report and Recommendation for the limited purpose of determining the citizenship of the Parties to establish whether diversity jurisdiction existed in the first instance (ECF No. 154) and on Plaintiff's Unopposed Motion to Amend First Amended Complaint by Interlineation (ECF No. 162). Upon review of the briefs and affidavits submitted by the Parties, the Motion, the record, and being otherwise fully advised, the undersigned **RECOMMENDS** that the District Court find that diversity jurisdiction exists and that Plaintiff's Unopposed Motion to Amend First Amended Complaint by Interlineation (ECF No. 162) be **GRANTED**.

**I.    BACKGROUND**

Plaintiff Ana Margarita Martinez ("Martinez") commenced this action on October 21, 2020 invoking this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (ECF No. 1). On January 31, 2022, the Court entered an Order on Motions to Dismiss, dismissing all claims without

1

prejudice for failure to state a claim with leave to replead. (ECF No. 95). On March 2, 2022, Plaintiff filed a First Amended Complaint against Defendants Netflix, Inc. ("Netflix"), Orange Studios, S.A. ("Orange"), and Olivier Assayas ("Assayas"), in which Plaintiff did not adequately allege the citizenship of the Parties. (ECF No. 97). On February 23, 2023, the Court entered its Order on Defendants' Motion to Dismiss concluding that Plaintiff had failed to state a claim for which relief could be granted. (ECF No. 142). Plaintiff thereafter filed an appeal of the Court's Order. (ECF No. 146).

On appeal, the Eleventh Circuit issued a jurisdictional question, directing the Parties to address whether the relevant pleadings sufficiently allege the Parties' citizenship so as to invoke the District Court's diversity jurisdiction in the first instance. *See* Appeal No. 23-10895. While Plaintiff sought leave to amend the First Amended Complaint on appeal to allege her citizenship, as well as the citizenship of Assayas, Plaintiff did not seek to amend the citizenship allegations as to Orange. The First Amended Complaint alleges only that Orange is a French anonymous society headquartered in France. However, the Eleventh Circuit held that Plaintiff's allegation is inadequate because it does not sufficiently allege Orange's principal place of business. Following the Parties' responses to the jurisdictional question, the Eleventh Circuit remanded this case for this Court to determine whether diversity jurisdiction existed in the first instance. Plaintiff now moves to amend the First Amended Complaint to sufficiently allege the citizenship of the Parties. (ECF No. 162).

II. **DISCUSSION**

   A. **Diversity Jurisdiction**

Diversity jurisdiction must exist at the time the action is filed, and subsequent events can neither create nor destroy it. *See Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 575–76 (2004).

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction; mere residence is not sufficient." *Chevaldina v. Katz*, 787 F. App'x 651, 653 (11th Cir. 2019). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* "Corporations are 'citizens' for diversity purposes wherever they are incorporated and have their principal place of business." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)). When determining where a party is domiciled, courts routinely look to evidence such as affidavits, deposition testimony, driver's licenses, voter registration, employment records, vehicle registrations, mortgage documents, and tax returns. *See, e.g.*, *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *Chevaldina*, 787 F. App'x at 654.

The Parties submitted affidavits in support of finding this Court has diversity jurisdiction that detail the citizenship of the Parties. Martinez's affidavit asserts that she is a United States citizen who is "domiciled in the State of Florida." (ECF No. 160 at ¶ 2). Kristina Zimmerman, the CEO of Orange, represents that Defendant Orange is a French corporation incorporated in France and Orange's sole office, headquarters, and principal place of business is located in Paris, France. (ECF No. 157 at ¶¶ 2–3). Linda M. Burrow, the Vice President of Litigation at Netflix, attests that Defendant Netflix is incorporated in Delaware and has its principal place of business in Los Gatos, California where "it directs, controls and coordinates its activities." (ECF No. 158 at ¶¶ 2–3). Defendant Assayas represents that he is a citizen and domiciliary of France and his "true, fixed and permanent home" and "place of principal establishment to which [he has] the intention of returning whenever [he is] absent therefrom" is France. (ECF No. 159 at ¶¶ 1–2). Because Plaintiff is a citizen of Florida and Defendants are citizens of France, Delaware, and California, complete diversity exists. *See Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*,

3

650 F. App'x 729, 731–32 (11th Cir. 2016) (finding complete diversity where the plaintiff's citizenship differed from that of each defendant). Accordingly, the briefing and evidence the Parties have provided confirm that Plaintiff was diverse from all Defendants at the time this case was filed. (ECF Nos. 157–60).[1]

### B. Motion to Amend

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653. The statute permits amendment only of defective allegations, "not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). Such defective allegations "can be corrected at any time pursuant to 28 U.S.C. § 1653." *Brandenburg v. Bd. of Regents of Univ. Sys. of Ga.*, 518 F. App'x 628, 631 (11th Cir. 2013); *Pinkhasov v. Columbia Debt Recovery, LLC*, No. 20-22784-CIV, 2020 WL 13389818, at *2 (S.D. Fla. Dec. 23, 2020).

Upon remand from the Eleventh Circuit, Plaintiff seeks leave to amend her First Amended Complaint to sufficiently allege the citizenship of the Parties by interlineation by filing a Notice of Amendment to Complaint by Interlineation (ECF No. 162-1). Plaintiff's Notice of Amendment represents that Plaintiff is a citizen of the United States and is domiciled in the State of Florida; that Orange is a French anonymous society with its principal place of business located in France; and that Assayas is a natural person who is a citizen of France and is domiciled in France. (ECF No. 162-1). Plaintiff seeks to amend defective allegations of jurisdiction rather than attempting to amend the jurisdictional facts themselves. Accordingly, Plaintiff may seek to amend such

---

[1] In addition to diversity of citizenship, the amount in controversy must exceed $75,000.00 (exclusive of interest and costs) for diversity jurisdiction to exist. *See* 28 U.S.C. § 1332(a). Here, the First Amended Complaint represents that the amount in controversy exceeds $75,000.00, which Defendants do not dispute. (ECF No. 97 at ¶ 21); (ECF No. 156 at 4). Therefore, this Report and Recommendations only addresses the citizenship of the Parties in accordance with the Eleventh Circuit's limited remand.

defective allegations at any time pursuant to 28 U.S.C. § 1653.

Plaintiff requests to amend the First Amended Complaint by interlineation. "Subject to the discretion of the court, and in the absence of a statute or rule of court providing otherwise, amendment by interlineation is considered permissible, particularly in the case of an amendment of a trivial or formal nature." *Woodburn v. Fla. Dep't of Children & Family Servs.*, 854 F. Supp. 2d 1184, 1210 (S.D. Fla. 2011) (quoting 71 C.J.S. Pleading § 437 (2011)). "[J]urisdictional allegations are an example of such an amendment." *McFee v. Carnival Corp.*, No. 19-22917-CIV, 2020 WL 13389096, at *10 (S.D. Fla. Apr. 22, 2020). It would go against the interests of the Parties and this Court to require Martinez to replead the entire First Amended Complaint on the basis of such a formal nature, particularly when the Parties have submitted affidavits separately demonstrating diversity jurisdiction and the Motion is unopposed. Accordingly, and in the absence of any opposition, Plaintiff's Motion should be granted.

### III. RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the District Court find that complete diversity existed among the Parties at the time this case was commenced, find that diversity jurisdiction exists, and return the record, as supplemented, to the Eleventh Circuit for further proceedings. The undersigned further **RECOMMENDS** that Plaintiff's Unopposed Motion to Amend First Amended Complaint by Interlineation (ECF No. 162) be **GRANTED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable William P. Dimitrouleas, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the

District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of July, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE